**FILED**
**IN COURT**
**ASHEVILLE, N.C.**

SEP 2 4 2012

**U.S. DISTRICT COURT**
**W. DIST. OF N.C.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:12CR88

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CONSENT ORDER AND |
| | ) | JUDGMENT OF FORFEITURE |
| v. | ) | (PRELIMINARY) |
| | ) | PENDING RULE 32.2(c)(2) |
| (1) ALEX DEAN NELSON, | ) | |
| Defendant. | ) | |

BASED UPON Defendant's plea of guilty and the stipulation of facts included herein, and finding that there is a substantial nexus between the property listed below and the offense(s) to which Defendant has pled guilty and that Defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.      The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and/or 28 U.S.C. § 2461(c) provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **A $130,000 forfeiture money judgment, such amount constituting the proceeds of the 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(A) offenses to which Defendant pled guilty in the Bill of Information; and**

> **The following specific property, forfeited in partial satisfaction of the $130,000 forfeiture money judgment:**

>> **The real property at at 4640 Celia Creek Road, Lenoir, NC 28645, further described in a deed recorded in the Caldwell County, North Carolina Register of Deeds Office, Deed Book 1539, Page 1201-1203; 1204-1208;**

>> **Sun Tracker Party Barge 25 pontoon boat with Mercury 115 motor, both seized during the investigation;**

>> **2006 Ford Expedition, VIN:   1FMPU18586LA13977, seized during the investigation; and**

>> **2001 Chevrolet Corvette convertible, VIN 1G1YY32G615100723, seized during the investigation.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

5. A forfeiture money judgment in the amount of $130,000 and an order of forfeiture for the specific assets herein shall be included in Defendant's sentence, and the United States may take steps to collect the money judgment, provided, however, that the net proceeds of the liquidation of the specific assets forfeited herein shall be credited toward satisfaction of the money judgment.

6. Defendant and co-defendant Bradley Dale Adkins shall be jointly and severally liable for the forfeiture money judgment.

7. The parties stipulate and agree that the specific assets identified herein constitute or are derived from gross proceeds and/or substitute property for purposes of 18 U.S.C. 981(a)(1)(C), 28 U.S.C. 2461(c), and/or 21 U.S.C. § 853(p). The parties stipulate and agree to the following factual bases for forfeiture herein:

    a. The aforementioned money judgment constitutes or is derived from proceeds of the Section 371 conspiracy offense and Section 666 embezzlement offense to which Defendant pled guilty. As set forth in the Bill of Information, the conspirators obtained the proceeds by means including the following: (1) making out Foothills Regional Airport checks to bogus entities and then depositing or cashing those checks for the benefit of the conspirators; (2) stealing money that airport customers entrusted to the conspirators to pay the Airport for rent, services, and fuel; (3) stealing money from an airport fuel supplier and depositing the funds into an account that Defendant controlled for his personal benefit; (4) using an Airport credit card for Defendant's personal benefit; (5) awarding no-work contracts and contracts for services at grossly inflated prices; and (6) stealing approximately 1000 gallons of jet fuel.

    b. The aforementioned real property at 4640 Celia Creek Road, Lenoir, NC 28645 constitutes or is derived from proceeds of the Section 371 conspiracy offense and Section 666 embezzlement offense to which Defendant pled guilty, and constitutes substitute property. Defendant used at least $32,795 in funds constituting or derived from proceeds to improve the real property by installing a pool. Defendant also fraudulently obtained labor and building materials to improve the real property. The real property is titled to Alex D. Nelson via a

North Carolina General Warranty Deed, dated February 21st, 2005, from Joy A. Nelson, single to Alex D. Nelson, single, and recorded in Caldwell County Register of Deeds Book 1539, Page 1201.

c.  The aforementioned pontoon boat constitutes substitute property. The pontoon boat was purchased on May 18, 2009 with a personal check in the amount of $24,757 from SunTrust Account XXXXXXXX7994 in the name of Alex and Tamala Nelson. As reflected in a NC Wildlife Resources Commission Receipt, dated May 26, 2009, for "New 3 Year Reg New Title," the pontoon boat is owned by Alex Dean Nelson.

d.  The aforementioned Ford Expedition was purchased on May 20, 2009 with a personal check in the amount of $13,744 from SunTrust Account XXXXXXXX7994, such account held in the name of Alex and Tamala Nelson. The Ford is titled to Alex Dean Nelson per a title seized during the course of the investigation.

e.  The aforementioned Chevrolet Corvette. The Corvette is titled to Alex Dean Nelson per a title seized during the course of the investigation.

8.  The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
Assistant United States Attorney

ALEX DEAN NELSON
Defendant

JACK W. STEWART, ESQ.
Attorney for the Defendant

Signed this the 24 day of Septem, 2012.

Dennis L Howell
UNITED STATES magistrate JUDGE
Western District of North Carolina