UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:12CR88-MKR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CONSENT ORDER OF DISMISSAL |
| ) | OF PROPERTIES AND |
| (1) ALEX DEAN NELSON ) | THIRD PARTY PETITION |
| ) | |
| PETITION OF TAMMY NELSON ) | |
| ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioner Tammy Nelson, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner (Petition at Doc. 28) have consented to this Consent Order of Dismissal of Properties and Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 12) ("the Properties"):

> The real property at 4640 Celia Creek Road, Lenoir, NC 28645, further described in a deed recorded in the Caldwell County, North Carolina Register of Deeds Office, Deed Book 1539, Page 1201-1203; 1204-1208 ("the Real Property;" estimated gross value of $164,600 before payoff of substantial liens);

> Sun Tracker Party Barge 25 pontoon boat with Mercury 115 motor, both seized during the investigation ("the Pontoon Boat;" estimated gross

value of $16,805);

2006 Ford Expedition, VIN: 1FMPU18586LA13977, seized during the investigation ("the Ford;" estimated gross value of $6075); and

2001 Chevrolet Corvette convertible, VIN 1G1YY32G615100723, seized during the investigation ("the Corvette;" estimated gross value of $16,950).

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has filed a Petition for the Properties and the Court has granted Petitioner standing to assert an interest in the Properties by virtue of her claim that she provided all or part of the purchase money and/or money to improve the Properties.

2. Although each party objects to the legal arguments raised by the other party, the parties wish to resolve this matter so as to avoid further costly litigation over the Properties, which the parties estimate hold under $100,000 in equity. The Government agrees that the Properties were purchased prior to the instant crime, and that improvements to the properties were made with co-mingled funds which included Petitioner's own funds. Therefore, in settlement of the contested Petition, the Government agrees to consent to this Court dismissing, with prejudice, the Real Property and the Ford from this

2

federal forfeiture action provided that the Court also dismisses, with prejudice, Petitioners' Petition to the Properties. Further, Petitioner consents to final forfeiture of the Corvette and Pontoon Boat.

3. The consent to dismissal with prejudice of the Real Property and Ford by the Government, consent to dismissal with prejudice of the Petition by Petitioner, and consent to forfeiture of the Corvette and Pontoon Boat by Petitioner shall be in full settlement and satisfaction of all claims in this action by Petitioner to the Properties, all claims by the Government for forfeiture of the Real Property and Ford, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Properties. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

5. The U.S. Attorney's Office agrees to request that the Attorney General or his designee (the Chief of the Department of Justice Asset Forfeiture and Money Laundering Section) exercise discretion under 21 U.S.C. § 853(i) to approve the use funds obtained from the sale of forfeited

properties, less expenses of sale, to pay towards any restitution order imposed by this Court against Alex Dean Nelson.

IT IS THEREFORE ORDERED THAT:

1. Based upon the stipulations of the parties herein, this Court hereby dismisses, with prejudice, the Real Property and the Ford from the Consent Order and Judgment of Forfeiture, releases the Real Property from the pending Order and Lis Pendens, and dismisses, with prejudice, the Petition of Tammy Nelson.

2. The Government and Petitioner shall bear their own costs, including attorney fees.

Signed this _10_ day of _Faburary_, 2014.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: 2/5/14
Benjamin Bain-Creed
Assistant United States Attorney

_____  Dated: 2-4-2014
Tammy Nelson
Petitioner

_____  Dated: 2-4-14
Corey Atkins, Esq.
Attorney for Petitioner

5